**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHEILA G. REDMOND,

           Appellant,

        v.

DEPARTMENT OF DEFENSE,

           Agency.

DOCKET NUMBER
DC-0752-15-0578-B-1

DATE: April 4, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Richard E. Patrick</u>, Esquire, Harpers Ferry, West Virginia, for the
    appellant.

<u>Emily Shilts</u>, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the remand initial decision, which dismissed her alleged involuntary retirement appeal for lack of Board

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was a Supervisory Social Worker, or Chief, of the agency's Woodbridge Behavioral Clinic at the Fort Belvoir Community Hospital (FBCH). *Redmond v. Department of Defense*, MSPB Docket No. DC-0752-15-0578-I-1, Initial Appeal File (IAF), Tab 9 at 12; *Redmond v. Department of Defense*, MSPB Docket No. DC-0752-15-0578-B-1, Remand File (RF), Hearing Transcript (HT) at 9 (testimony of the Chief of Staff).[3] In the instant appeal, she alleged that beginning in July 2011, the agency took a number of actions that coerced her into retiring on November 30, 2012. IAF, Tab 1, Tab 9 at 12. For example, she alleged that the agency's actions included the unwarranted removal from her position as Chief of the Woodbridge Behavioral Clinic and failure to

---

[3] Compact discs are available in the record for both days of the hearing. RF, Tabs 14, 18. However, a transcript is available only for the second day of the hearing. Therefore, we have cited to the disc for testimony occurring on the first day of the hearing and to the transcript for testimony occurring on the second day of the hearing.

accommodate her asthma. IAF, Tab 3 at 5. Without holding the requested hearing, the administrative judge dismissed the appeal, finding that the appellant failed to set forth a nonfrivolous allegation that her retirement was involuntary. IAF, Tab 16, Initial Decision (ID).

¶3      The appellant filed a timely petition for review, which the Board granted. The Board found that the appellant raised a nonfrivolous allegation of jurisdiction and that the administrative judge erred in dismissing the appeal without holding a hearing. Thus, the Board remanded the appeal for a jurisdictional hearing. *Redmond v. Department of Defense*, MSPB Docket No. DC-0752-15-0578-I-1, Remand Order (Jan. 19, 2016); RF, Tab 1.

¶4      On remand, the administrative judge issued a decision in which she summarized the record evidence, including the hearing testimony. RF, Tab 16, Remand Initial Decision (RID). She credited the testimony of the agency's witnesses for each of the alleged actions. RID at 5-26. The administrative judge found that some incidents did not occur as the appellant claimed and that the agency actions concerning other incidents were justified. RID at 5-26. The administrative judge further found that a reasonable person in the appellant's position would not believe that she had no alternative but to retire. RID at 26-27. Thus, the administrative judge concluded that the appellant failed to prove by preponderant evidence that her retirement was involuntary. The administrative judge observed that, absent a showing of an involuntary retirement, the Board does not have jurisdiction to separately review the appellant's allegations of equal employment opportunity (EEO) reprisal and discrimination. Accordingly, she dismissed the appeal for lack of jurisdiction. RID at 27.

¶5      The appellant has filed a petition for review of the remand initial decision. Remand Petition for Review (RPFR) File, Tab 1. The agency has filed a response. RPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      Generally, the Board lacks jurisdiction to review an employee's decision to retire, which is presumed to be a voluntary act. *Brown v. U.S. Postal Service*, [115 M.S.P.R. 609](#), ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). However, if an agency coerced the employee's decision in a manner that deprived her of freedom of choice, the Board will take jurisdiction over the matter as a constructive removal. *Id.* An appellant may overcome the presumption of voluntariness by showing that her retirement was the product of misinformation or deception by the agency, intolerable working conditions, or the unjustified threat of an adverse action. *See SanSoucie v. Department of Agriculture*, [116 M.S.P.R. 149](#), ¶ 14 (2011).

¶7      In cases such as this one, when the employee alleges that the agency took actions that made working conditions so intolerable that she was driven to an involuntary retirement, the Board will find an action involuntary only if the employee demonstrates that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in her position would have felt compelled to retire. *Vitale v. Department of Veterans Affairs*, [107 M.S.P.R. 501](#), ¶ 20 (2007). The doctrine of coerced involuntariness is "a narrow one" and does not apply if the employee resigns or retires because she "does not want to accept . . . measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that [s]he feels that [s]he has no realistic option but to leave." *Staats v. U.S. Postal Service*, [99 F.3d 1120](#), 1124 (Fed. Cir. 1996). "[T]he fact than an employee is faced with an unpleasant situation or that [her] choice is limited to two unattractive options does not make [her] decision any less voluntary." *Id.* The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Vitale*, [107 M.S.P.R. 501](#), ¶ 19. The Board addresses allegations of discrimination and reprisal in connection with an alleged

involuntary retirement only insofar as those allegations relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense. *See, e.g.*, *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001). For the reasons discussed below, we agree with the administrative judge that the appellant failed to establish by preponderant evidence that her retirement was involuntary.

The administrative judge did not err in finding that the appellant failed to prove that her retirement was involuntary.

¶8      On review, the appellant challenges the administrative judge's credibility determinations and argues that there is no evidence to support a finding that the appellant's testimony was not credible. RPFR File, Tab 1 at 6. Specifically, she argues that, despite evidence that she had an asthma attack and that the agency failed to immediately accommodate her, the administrative judge erroneously stated that "none of the evidence in the record supports her claims and much of her testimony was contradicted by the documentary record and the credible evidence." *Id.*

¶9      To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). In this case, the administrative judge thoroughly reviewed the record evidence as demonstrated by her explicit credibility determinations. RID at 5-25. Specifically, she included a detailed summary of the hearing testimony for each of the witnesses, including

the appellant, and then cited to *Hillen* in analyzing and explaining her credibility determinations. RID at 23-25. The administrative judge found that the agency's witnesses were credible because they testified in a "very clear, direct, and straightforward manner." RID at 23. She further found that their testimony was consistent with the evidence of record. *Id.* In contrast, the administrative judge did not find the appellant's testimony to be clear, direct, or straightforward.[4] RID at 23.

¶10 Furthermore, the administrative judge found no evidence to support the appellant's claims and instead found that much of her testimony was contradicted by the documentary record. RID at 23-24. Here, because the administrative judge's determinations were founded on explicit credibility determinations based on observing the demeanor of witnesses while testifying at the hearing and the evidentiary record, we see no basis upon which to overturn her findings in this regard. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (finding that the Board may overturn credibility determinations that are implicitly or explicitly based on demeanor only when it has "sufficiently sound" reasons for doing so).

¶11 The appellant also argues that the administrative judge misstated the record when she concluded that the Chief of Staff could not have created a hostile work environment that forced the appellant to retire. RPFR File, Tab 1 at 8; RID at 25-26. In reviewing the time pressure to make a decision about whether to retire as a factor under Board law, the administrative judge correctly considered the fact that the Chief of Staff only supervised the appellant for 90 days and that she did not retire until a year later, after he was no longer her supervisor. RID at 25-26. Although the appellant argues that the length of time is not a

---

[4] The appellant argues on review that the administrative judge relied on "alleged contradictions" between the appellant's testimony and those of agency witnesses on issues that were "immaterial" to her discrimination claims. RPFR File, Tab 1 at 6-7. We disagree that these contradictions are not relevant to determining credibility. *See Hillen*, 35 M.S.P.R. at 458.

determinative factor in a hostile work environment, we agree with the administrative judge that both the duration of the alleged harassment and the length of time from when the harassment ended and the appellant's retirement are relevant to determining whether a reasonable person would be compelled to retire. *Terban v. Department of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000) (observing that "a long period of time between the alleged coercive act and the employee's retirement diminishes the causal link between these two events and, thus, attenuates the employee's claim of involuntariness[]").

¶12    The appellant further contends that other individuals also created a hostile work environment and discriminated against her. RPFR File, Tab 1 at 8. However, as the administrative judge correctly summarized, the bulk of the appellant's testimony concerning her hostile work environment claims related to the alleged treatment she received from the Chief of Staff. RID at 5-10; RF, Tab 14, Aug. 8, 2016 Hearing Compact Disc (HCD) (testimony of the appellant). On review, the appellant cites to the affidavit she completed in connection with her EEO complaint but does not identify any specific harassment allegations she raised in this appeal that the administrative judge did not address. RPFR File, Tab 1 at 8; IAF, Tab 7 at 5. In any event, the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶13    The appellant next argues that the administrative judge erred by concluding that she could have continued to work as Chief of the Woodbridge Behavioral Clinic despite evidence to the contrary, including her testimony and that of the Chief of Staff. RID at 26-27; RPFR File, Tab 1 at 7. We disagree. The administrative judge correctly found that the agency's witnesses credibly testified that the appellant was never formally removed as Chief. RID at 20. Specifically, the Chief of Staff testified that the appellant was advised that she would have to temporarily step aside from the Chief position, and an interim Chief was

appointed to the clinic while the agency investigated staff complaints raised against the appellant. *Id.*; HT at 18-25 (testimony of the Chief of Staff). The Deputy Commander for Behavioral Health also testified that the appellant was never removed from the Chief position and that she could have continued to work in that position as long as her work and conduct remained satisfactory. HCD (testimony of the Deputy Commander for Behavioral Health). Indeed, even the appellant testified that her job title, pay, and position description were never changed. HCD (testimony of the appellant). Thus, the appellant has shown no error by the administrative judge in concluding that she was never removed from the Chief position. RID at 26-27. Moreover, even if the appellant were alleging that she retired to avoid eventually having to oppose a potential removal or demotion from the Chief position, the mere fact that she was faced with the unpleasant choice of either retiring or opposing an agency action against her for cause does not rebut the presumed voluntariness of her ultimate choice to retire. *Lloyd v. Small Business Administration*, 96 M.S.P.R. 518, ¶ 3 (2004).

¶14    The appellant also argues that the administrative judge erred by finding that the agency accommodated her asthma condition by moving her to a new office. RPFR File, Tab 1 at 5. She contends that the agency did not immediately accommodate her medical condition because she was not moved to a new office until several days after she had an asthma attack. *Id.*; RF, Tab 10 at 5, 8. She asserts that the testimony of the Chief of Occupational Medicine supports her claim that she was not immediately accommodated. RPFR File, Tab 1 at 5.

¶15    The Chief of Occupational Medicine testified that he treated the appellant on the date of her asthma attack and that he and the Deputy Commander for Behavioral Health, the appellant's second-level supervisor, instructed her to report the following day to the same facility, the FBCH. Rather than returning to work the following day, however, the appellant took several days of sick leave. HT at 67-71 (testimony of the Chief of Occupational Medicine). The Chief of Occupational Medicine's testimony does not support the appellant's claim that the

agency retaliated against her by not immediately accommodating her with a new office, as she alleges.  Instead, his testimony reflects only that the appellant was not at work when he followed up to verify whether she had been officially moved to a different office based on her request after the asthma attack but that she was out "sick, or something."  *Id.* at 69-70.

¶16        Likewise, the Deputy Commander for Behavioral Health testified that the appellant immediately went on sick leave for a few days after being treated by the Chief of Occupational Medicine and that when she returned she was given a new office at the FBCH.  HCD (testimony of the Deputy Commander for Behavior Health).  Thus, this evidence reflects that, even though the agency was not able to move the appellant to a new office during the time she was out on sick leave, when she did return, she was immediately accommodated.  *Id.*  Under these circumstances, we find no unreasonable delay by the agency in addressing the appellant's request for accommodation.  *See Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶¶ 13-16 (2015) (declining to find that an agency delayed an appellant's return to work in violation of the Americans with Disabilities Act Amendments Act of 2008 when it reasonably requested additional medical documentation), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016).  Accordingly, we find no error in the administrative judge's findings in this regard.

¶17        In addition, the appellant argues that the administrative judge improperly considered the fact that she was given a very large retirement party prior to her departure.  RPFR File, Tab 1 at 9.  The appellant contends that the size of her retirement party is irrelevant to whether her decision to retire was involuntary.  However, in considering the totality of the circumstances concerning the voluntariness of the appellant's retirement, we find that the administrative judge properly considered the evidence of record, which included testimony that the appellant had openly contemplated retirement as early as 2010, that she routinely spoke of retiring, that on several occasions in the months leading up to her retirement she posted on her Facebook page her desire to retire, and that "she had

a large retirement party where she received gifts, and followed up by sending a heartfelt thank you email to her colleagues." RID at 25; *see Vitale*, 107 M.S.P.R. 501, ¶ 19 (explaining that the Board assesses the voluntariness of an employee's choice to retire under the totality of the circumstances). Thus, we find no merit to the appellant's argument.

The administrative judge did not make findings regarding whether the appellant suffered an asthma attack, subjected subordinates to a hostile work environment, or engaged in fraud.

¶18      The appellant also argues that the administrative judge's decision is based on factual errors which led to a faulty conclusion. RPFR File, Tab 1 at 4. For example, she asserts that the administrative judge erred in referring to an asthma attack she had as an "apparent asthma attack." *Id.* at 5. She contends that there is no evidence to support the administrative judge's conclusion that she did not suffer an asthma attack. *Id.*

¶19      The administrative judge made no finding as to whether the appellant did or did not suffer an asthma attack. Rather, the administrative judge found that the Chief of Occupational Medicine testified that he treated the appellant for an "apparent asthma attack." RID at 21. We find this description of the testimony to be accurate. The Chief of Occupational Medicine never stated that he diagnosed the appellant as having an asthma attack. HT at 60-71 (testimony of the Chief of Occupational Medicine). He testified only that the appellant was experiencing difficulty breathing and that she had a pre-existing history of asthma. *Id.* Further, the sick leave slip he provided for the appellant merely states that she suffered "mild exacerbation of pre-existing condition." RF, Tab 9, Exhibit 4 at 2. Based on the fact that there was no actual diagnosis of asthma by the Chief of Occupational Medicine, we find no error by the administrative judge in describing the testimony as the appellant having received medical treatment for an apparent asthma attack.

¶20    Additionally, the appellant argues that the administrative judge erred by concluding that the appellant created a hostile work environment "without factual or legal supporting evidence." RPFR File, Tab 1 at 7. Specifically, the appellant contends that in considering this issue, the administrative judge improperly considered hearsay evidence and employee letters, which were not subject to cross examination, to find that she created a hostile work environment. *Id.* We disagree. The administrative judge made no finding as to whether the appellant created a hostile work environment. In summarizing the testimony of the Deputy Service Chief of the Woodbridge Behavioral Clinic, the administrative judge stated that the Deputy Service Chief received complaints about the appellant creating a hostile work environment. RID at 13, 23-25; RF, Tab 11; IAF, Tab 7 at 114-15, Tab 8 at 46, 48, 60-61, 76. Further, even if this evidence was hearsay, as the appellant claims, the administrative judge did not err in considering it. *See Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981) (finding that relevant hearsay evidence is admissible in Board proceedings and assessment of its probative value depends on the circumstances of each case).

¶21    Finally, the appellant argues that the administrative judge erred by concluding that she committed insurance fraud. RPFR File, Tab 1 at 8. Again, the appellant misstates the findings in the initial decision. Specifically, the administrative judge found that the evidence established that the appellant was having significant performance issues and that she engaged in several instances of misconduct, including sleeping during appointments, significant reporting inconsistencies, and misconduct "which could amount to insurance fraud, such as documenting the length of time she spent treating a patient and documenting in . . . [the agency healthcare charting system] that she treated a patient who was hospitalized and she could not have possibly treated." RID at 25. Thus, while the administrative judge found that the appellant engaged in several instances of misconduct, which "could amount to insurance fraud," the administrative judge did not find that the appellant "committed insurance fraud." *Id.*

¶22　　　Accordingly, because we find that the appellant has failed to prove by preponderant evidence that her resignation was involuntary, the administrative judge correctly dismissed this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:             /s/ for

                           Jennifer Everling
                           Acting Clerk of the Board

Washington, D.C.